UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KELLY P. TOOKES | CIVIL ACTION NO. 06-cv-1029 |
| VERSUS | JUDGE HICKS |
| SUE HOLLIDAY, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Kelly P. Tookes ("Plaintiff") filed this civil rights complaint without representation by counsel, and the court granted him in forma pauperis status. Plaintiff alleged in his complaint that his civil rights were violated by prison officials while he was a pretrial detainee at the Claiborne Parish Detention Center. Plaintiff alleged that he escaped and, upon recapture, prison officials beat, kicked, and stomped him, and sprayed him with pepper spray. Plaintiff alleges that he was afterwards housed in unsatisfactory conditions, including a cell in which prison officials could not successfully repair a toilet and a cell in which he was assigned to a top bunk despite pins in his left hip.

Defendants filed an answer and immediately moved for leave to take Plaintiff's deposition. The court ordered that the deposition would be taken at the Winn Correctional Center, where Plaintiff was then housed. Doc. 22.

Defendants later filed a Motion to Compel and for Sanctions (Doc. 30) on the grounds that Plaintiff did not cooperate in his deposition. Counsel represented that he and a court reporter traveled to the prison to take the deposition on the date and at the time specified in

the order that granted leave. Plaintiff admitted at the commencement of the deposition that he received a copy of the order that permitted the deposition. Defense counsel asked if Plaintiff would answer questions about his lawsuit, and Plaintiff said that he was not certain. Counsel then asked if Plaintiff would answer if he were to be asked whether he escaped on September 5, 2005. Plaintiff responded, "Not without my attorney present." Plaintiff repeated that response with respect to all other questions. He said he had written a letter to have an attorney appointed, but he admitted that he did not think he had filed an actual motion for appointment of counsel. (The record does not reflect that Plaintiff had filed a motion to appoint counsel at that time. He did file a motion (Doc. 30) later, but it was denied for a lack of showing of exceptional circumstances.) Plaintiff admitted that he had filed nothing with the court in an effort to delay the deposition, and he had not advised defense counsel that he would refuse to answer questions.

The court granted the Motion to Compel and for Sanctions. Plaintiff was ordered to give testimony and answer questions at a deposition on October 22, 2008. Plaintiff was also ordered to pay attorney fees, expenses, and costs of $566.74 by January 6, 2009. The order warned: "Failure to comply may result in sanctions, including dismissal of Plaintiff's lawsuit." Doc. 32. The amount of the sanctions included approximately $86 for the court reporter's bill, $60 for 124 miles of travel to and from prison by counsel, and $420 for 3.5 hours of attorney time.

Now before the court is a Motion to Dismiss (Doc. 36) filed by Defendants. Defendants represent that Plaintiff did give his deposition on October 22, but he did not pay any portion of the $566.74 ordered as a sanction by the court.

Neither pro se status nor being a pauper exempts a person from payment of sanctions reasonably imposed. The sanctions imposed in this case were a reasonable amount aimed at deterring the kind of behavior exhibited by Plaintiff at the first attempted deposition, behavior which has resulted in attorney fees and costs for taxpayer-funded defendants. The amount of the sanction was directed to make Defendants whole, with no additional amount imposed. Plaintiff has been afforded ample time to pay the sanction, warned that failure to pay could result in dismissal of his lawsuit, and he has not filed any opposition to the motion to dismiss. Dismissal has been granted in similar circumstances, such as in Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989), a case cited and described in the Motion to Compel that led to the sanction. Plaintiff knew, therefore, that the court in Moon dismissed the case when a prisoner did not pay approximately $900 in sanctions that was ordered after the prisoner refused to answer questions at his deposition. Dismissal is a harsh sanction, but it is appropriate under these circumstances.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 36)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE